(18 App. Div. 332.)

PEOPLE ex rel. KAVANAGH v. GRADY et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1897.)

OFFICERS—REMOVAL—VETERANS.
    The provision of the civil service law that veterans of the war shall not be removed from any position in the public service held by them, except after a hearing, applies to cases where the appointment was illegal.

Appeal from special term, Queens county.

Mandamus by Owen J. Kavanagh against John T. Grady and others, composing the board of police commissioners of Long Island City, to compel the reinstatement of relator as a member of the police force. The writ was denied, and relator appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William E. Stewart, for appellant.
George W. Stephens, for respondents.

CULLEN, J. It is unnecessary to determine what was the effect of the alleged agreement of the police commissioners upon the resignation of the relator from the force in 1880; nor is it necessary to inquire into the legality of his reappointment as a member of the force in 1892. It is sufficient to say that he was then appointed, and from that time until his summary discharge by the respondents, on the 31st day of January, 1896, was a de facto police officer of Long Island City. The relator was an honorably discharged soldier of the late war. In the case of People v. Board of Health of City of Troy, 15 App. Div. 273, 44 N. Y. Supp. 597, it was decided by the appellate division of the Third department that a veteran could not be removed from his position or employment except after a hearing upon notice, even though his original appointment was unlawful. It was held that he had a right to a hearing upon the very question of the legality of his

appointment. This authority is conclusive of the disposition of the case before us. The summary removal of the relator was improper.

The order appealed from should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.